**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EFREN CERVANTES,<br><br>                 Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>              Respondent. | No. 11-70189<br><br>Agency No. A077-970-105<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2014[**]
San Francisco, California

Before: KOZINSKI, RAWLINSON, and MURGUIA, Circuit Judges.

Petitioner Efren Cervantes (Cervantes), a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We lack jurisdiction to review the BIA's discretionary decision denying a waiver of inadmissibility as provided for in 8 U.S.C. § 1182(h)(1)(B), because Cervantes does not raise a colorable due process claim or question of law. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009).

Because Cervantes did not raise before the BIA his argument that the IJ failed to specify the evidence upon which the IJ relied in weighing the seriousness of Cervantes' crimes, the argument is waived. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). In any event, the IJ's written decision reflects the evidence relied upon, leaving Cervantes' argument "so insubstantial and frivolous" as to deprive the panel of jurisdiction to review it. *Mendez-Castro*, 552 F.3d at 979 (quoting *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008)).

Cervantes' contention that the BIA deprived him of due process by accepting certification of his appeal is also not colorable. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) (A colorable due process claim requires "both a violation of rights and prejudice."). The BIA had jurisdiction to accept certification because the IJ's 2006 written decision was a "[d]ecision[ ] . . . in [a] removal proceeding[ ]." 8 C.F.R. § 1003.1(b)(3), (c). Cervantes had ample opportunity to present his case to the BIA before the agency accepted certification,

and in fact filed two briefs. *See* 8 C.F.R. § 1003.1(c). Even assuming a constitutional violation, Cervantes has failed to show prejudice because he has not presented any "plausible scenarios in which the outcome of the proceedings would have been different," absent the constitutional violation. *Tamayo-Tamayo v. Holder*, 725 F.3d 950, 954 (9th Cir. 2013), *as amended* (citation omitted).

The record conclusively belies Cervantes' argument that the BIA's 2010 decision did not adequately set forth the agency's reasons for denying a hardship waiver. The BIA identified the controlling agency decision, *In re Mendez-Moralez*, 21 I. & N. Dec. 296, 300 (BIA 1996), and applied that decision to the facts of Cervantes' case. This Court may proceed no further in reviewing the BIA's discretionary decision to deny a hardship waiver. *See Mendez-Castro*, 552 F.3d at 979-80. Accordingly, this argument is also "so insubstantial and frivolous" as to fall short of a colorable claim. *Id.* at 980.

**PETITION DISMISSED.**